IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD RALPH MARTINEZ,

        Plaintiff,

v.                                                                                 No. 1:20-cv-00051-LF

STATE OF NEW MEXICO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
AND TO SHOW CAUSE**

THIS MATTER comes before the Court on Plaintiff's Complaint for Violation of Civil Rights, Doc. 1, filed January 16, 2020 ("Complaint"), and on his Applications to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 16, 2020 ("First Application") and Doc. 5, filed February 3, 2020 ("Second Application").

**Application to Proceed In Forma Pauperis**

After the Court notified Plaintiff that he filed his First Application using an improper form application, Plaintiff filed his Second Application using the correct form application.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $977.30; (ii) he is unemployed; and (iii) his average monthly expenses total $1,224.68. *See* Second Application at 1-2, 5. The Court grants Plaintiff's Second Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because his monthly expenses exceed his low monthly income. Because the Court is granting Plaintiff's Second Application, the Court denies Plaintiff's First Application as moot.

**Proceedings In Forma Pauperis**

Plaintiff alleges that he "was parolled [sic] in December 21, 2006, from New Mexico to New York, where he remained on parole . . . until 2019." Complaint at 2. Plaintiff contends that he was entitled to an earlier discharge from his parole term, but Defendants improperly ignored his requests for an earlier discharge. *See* Complaint at 2-3. Plaintiff states that "he could not get employment all the years from 2006 thru to 2019, because he was on parole," and consequently "he suffered the loss of all his personal property, home, pets, and employment that he had."

Complaint at 3. Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983. *See* Complaint at 2, 4.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'" *Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). The Complaint states: The instant suit is brought pursuant to 42 USC, 1983, for the deprivation of rights, priveleges, [sic] immunities secured by the United States Constitution and, in addition pursuant to 28 USC, 1343; 28 USC, 1331; 42 USC, 1986; USCA, Amendment 8th, 11th, 13th and 14th Amendment to the Constitution." Complaint at 2. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based … [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff does not state with any particularity what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Furthermore, the Court does not have jurisdiction over Plaintiff's claims against the State of New Mexico and its officials for money damages. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). There are "two primary circumstances in

which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity … [or a] state may … waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181. Neither exception applies in this case. "First, the United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Id.* (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)). Second, Plaintiff does not allege in his complaint that the State of New Mexico waived its Eleventh Amendment immunity in this case. Plaintiff has also sued unidentified officers of the State in their official capacities. "It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006). The Court concludes that it lacks subject matter jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims with respect to the State of New Mexico Defendants.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

4

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because Plaintiff has not stated a claim upon which relief can be granted and because Plaintiff has not provided the Defendants' addresses. The Court will order service if: (i) Plaintiff shows cause why this case should not be dismissed for failure to state a claim or files an amended complaint that states a claim; and (ii) files a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed February 3, 2020 ("Second Application"), is **GRANTED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 16, 2020 ("First Application"), is **DENIED as moot.**

(iii) Plaintiff shall, within 21 days of entry of this Order, either show cause why this case should not be dismissed for failure to state a claim, or file an amended complaint which states a claim. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**