**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RICHARD RALPH MARTINEZ,

       Plaintiff,

v.                                         No. 1:20-cv-00051-MV-LF

STATE OF NEW MEXICO, et al.,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

       **THIS MATTER** comes before the Court on Plaintiff's Amended Complaint for Violation of Civil Rights, Doc. 7, filed March 4, 2020 ("Amended Complaint").

       Plaintiff filed his original Complaint against the State of New Mexico, the Governor of New Mexico, the New Mexico Parole Board Chairperson, and all other unnamed persons who acted in concert with the Parole Board. *See* Doc. 1, filed January 16, 2020. Plaintiff alleged that he "was parolled [sic] in December 21, 2006, from New Mexico to New York, where he remained on parole . . . until 2019," and that he was entitled to an earlier discharge from his parole term, but that Defendants improperly ignored his requests for an earlier discharge, and "he could not get employment all the years from 2006 thru to 2019, because he was on parole." Original Complaint at 2-4. Plaintiff sought monetary damages pursuant to 42 U.S.C. § 1983.

       The Court notified Plaintiff that the Court does not have jurisdiction over Plaintiff's claims against the State of New Mexico and its officials for money damages. *See Hull v. State of New Mexico Tax. and Rev Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits."). The Court granted Plaintiff leave to file an amended complaint.

Plaintiff's Amended Complaint asserts the same factual allegations against the Governor of New Mexico, the New Mexico Parole Board Chairman, a Ninth Judicial District Judge, and the New Mexico Interstate Compact Commissioner. Plaintiff seeks monetary damages and injunctive relief prohibiting Defendants and others from retaliating against Plaintiff for filing this action.

The Court dismisses the § 1983 damages claims against the State of New Mexico Defendants without prejudice for lack of subject-matter jurisdiction because they are immune from § 1983 damages suits.

The Court dismisses the claims against the Ninth Judicial District Judge because "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). The Complaint alleges that the Ninth Judicial District Judge "was the sentencing judge," but does not allege facts showing that the Ninth Judicial District Judge's actions were taken in the complete absence of all jurisdiction.

The Court dismisses Plaintiff's request for injunctive relief prohibiting Defendants from retaliating against Plaintiff for filing this action for lack of jurisdiction. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("Even if the parties do not raise the question themselves, it is our duty to address the

apparent lack of jurisdiction sua sponte.") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).   "[F]ederal courts have jurisdiction over suits to enjoin state officials from *interfering* with *federal rights*."   *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 901 (10th Cir. 2017) (*emphasis in original*) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983).   Plaintiff has not met his burden of showing that the Court has jurisdiction because there are no allegations identifying the specific federal right with which Defendants are allegedly interfering.

Having dismissed all the claims in this case, the Court dismisses this case without prejudice.   *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

Because it is dismissing this case, the Court denies Plaintiff's Motion for Service as moot.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Motion for Service, Doc. 8, filed March 4, 2020, is **DENIED as moot.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**